CHAMBERS DELICATESSEN, INC., Plaintiff, *v.* REALTY EQUITIES PARK CHAMBERS CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, January 30, 1967.

*Sidney M. Wittner* for plaintiff. *Robinson, Silverman, Pearce, Aronsohn & Sand* (*James F. Gill* and *David B. S. Cohen* of counsel), for defendants.

OWEN MCGIVERN, J. This is a motion for an order enjoining defendants *pendente lite* from altering or destroying plaintiff's store front.

Plaintiff is a corporation operating a restaurant, delicatessen and bar at Sixth Avenue and 58th Street in New York City. In September, 1965, defendants purchased the building in which plaintiff has operated its business for 30 years and thereafter embarked upon an ambitious plan of alteration of said building from a hotel to an office building. As a part of this alteration, defendants have sought to alter plaintiff's store front, without

cost or inconvenience to plaintiff, so as to conform with a new style for all the stores in the building. Plaintiff urges that by virtue of the " distinctive " nature and appearance of its sign, awning and store front, the restaurant has become well known to the neighborhood and these items have become its " trade marks ", the destruction or alteration of which will do irreparable harm to its business. Plaintiff also alleges a breach of the covenant of quiet enjoyment and possession and that an easement has been created with respect to the front, awning and sign.

A trade-mark is defined as a name, sign or device which is attached to goods offered for sale in the market to distinguish them from similar goods (87 C. J. S., Trade-Mark, § 1). Trade names are names which are used in trade to designate a particular business (*supra*, § 8). Trade names are protected as assets of a business and the law is designed to protect simulation of such name and to prevent deception by another in a similar business (*supra*, §§ 9–12, 20, 64, 87, 110).

Plaintiff's contention that its sign, awning, and store front are protected by the law safeguarding trade-marks and trade names is entirely without merit. It is no doubt true that plaintiff has established " good will " in its business and that its sign, awning and front form part of that good will; however, the plaintiff's rights, if any, are in its lease, not in the law protecting trade-marks.

Plaintiff's contention that defendants have breached their covenant of quiet enjoyment is equally without merit, there having been no evidence of an actual or constructive eviction (see 1 Rasch, New York Law of Landlord and Tenant, § 848).

Plaintiff also argues that it has obtained an easement to the store front and a prescriptive right to the wall which is the store front. This argument, too, is without merit. While an easement can be created by lease or grant, the lease signed by plaintiff specifically excluded the creation of an easement in the outside wall, and custom alone will not create one (see 17 N. Y. Jur., Easements and Licenses, §§ 13–14).

Under the terms of the lease, defendants are not prohibited from proceeding with the alteration or reconstruction of the building. Plaintiff has established no legal right, based upon contract or otherwise, to restrain the continuation of the work.

Accordingly, plaintiff's motion for an injunction *pendente lite* is denied.